IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

TONY BULL                                                                                    PLAINTIFF

v.                                      Case No. 2:16-cv-00056-KGB

FEDERATED MUTUAL
INSURANCE COMPANY                                                                DEFENDANT

**OPINION AND ORDER**

This lawsuit arises from a check written by James Haas and given to plaintiff Tony Bull and Mr. Bull's resulting claim for coverage under an insurance policy issued by defendant Federated Mutual Insurance Company ("Federated). Presently before the Court are the parties' cross-motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 (Dkt. Nos. 16, 21). The motions have been fully briefed (Dkt. Nos. 21, 24, 28).

I.      Factual And Procedural Background

Unless otherwise noted, the following facts are taken from Federated's statement of undisputed material facts and Mr. Bull's statement of undisputed material facts (Dkt. Nos. 18, 23). The Court notes that Local Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides that all material facts set forth in the statement filed by the moving party shall be deemed admitted unless controverted by the statement filed by the non-moving party. Local Rule 56.1(c). As such, the Court deems admitted each parties' statement of material facts to the extent statements are not controverted by the opposing party.

Mr. Haas alleges that, on March 26, 2013, he gave to Mr. Bull a check for $17,800.00 for a vehicle (Dkt. No. 16-2, ¶ 3). At that time, Mr. Haas allegedly informed Mr. Bull that he did not have sufficient funds to honor the check (*Id.*). According to Mr. Haas, Mr. Bull agreed to hold the check until such funds were available (*Id.*). On September 3, 2013, Mr. Bull deposited the check,

and it did not clear (*Id.*, ¶ 4). Mr. Haas claims that, on December 17, 2013, Mr. Bull authorized his employee to file an affidavit for the arrest of Mr. Haas (*Id.*, ¶ 5). Mr. Haas also claims that Mr. Bull did not disclose all relevant information to the prosecutor (*Id.*). On May 19, 2014, Mr. Haas was charged with a violation of Arkansas' hot check law (*Id.*, ¶ 7). That charge was nolle prosequied after Mr. Haas paid the full amount owed to Mr. Bull (Dkt. No. 18, ¶ 6).

Federated is a general liability insurance carrier that insures Mr. Bull under a general liability insurance policy, Policy No. 9229344 (the "Policy") (Dkt. No. 18, ¶ 3). From October 11, 2013, to October 11, 2014, the Policy provided that Federated:

> [W]ill pay all sums the "insured" legally must pay as damages because of "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the Coverage Territory during the Policy Period.
>
> We will have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

(Dkt. No. 16-12, at 20). Federated admits that Mr. Bull is a named insured under the Policy (Dkt. No. 18, ¶ 3). The Policy defines "personal and advertising injury" as "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses: . . . (b) Malicious prosecution; . . . (d) Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services . . . ." (Dkt. No. 16-12, at 23).

The Policy excludes coverage for:

"Personal and advertising injury":

. . .

> (2) Caused by or at the direction of the "insured" with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

2

> (3) Arising out of oral or written publication of material, if done by or at the direction of the "insured" with knowledge of its falsity.

(*Id.*, at 21).

Mr. Haas filed his original complaint against Mr. Bull on December 4, 2015, in an Arkansas state court case styled *James Haas v. Tony Bull*, No. CV-2005-662, Crittenden County Circuit Court (hereinafter, the "*Haas* litigation") (Dkt. No. 18, ¶ 1). The original complaint included claims of malicious prosecution and abuse of process against Mr. Bull (Dkt. No. 16-2, ¶¶ 9-10). Mr. Bull was served with a summons in the *Haas* litigation on December 21, 2015 (Dkt. No. 21-1, ¶ 4). On or about January 6, 2016, Mr. Bull reported the claims against him to Federated (*Id.*, ¶ 5). On or about January 13, 2016, Mr. Bull spoke with a representative of Federated who indicated that Federated would appoint counsel other than David Hodges to defend Mr. Bull in the *Haas* litigation (Dkt. No. 21-1, ¶ 6). Mr. Bull was told that, if he was found to have committed with malice the acts alleged in Mr. Haas' complaint, Federated would not pay damages (*Id.*).

Even though Federated reserved its right to deny potentially Mr. Bull coverage and a defense in the *Haas* litigation, it nonetheless retained attorney Ed Lowther of Little Rock, Arkansas, to defend Mr. Bull in the *Haas* litigation at no charge to Mr. Bull (Dkt. No. 18, ¶ 4). Mr. Bull admits that Federated retained Mr. Lowther, and he was not charged for Mr. Lowther's representation (Dkt. No. 23, at 3). Mr. Lowther answered the original complaint against Mr. Bull in the *Haas* litigation (*Id.*). Mr. Bull voluntarily decided to retain separate counsel, Mr. Hodges, as his additional counsel in the *Haas* litigation (*Id.*, ¶ 7). The decision to hire attorney Mr. Hodges was solely that of Mr. Bull's (*Id.*, ¶ 13).

On February 4, 2016, Federated sent to Mr. Bull a letter reserving its right to deny Mr. Bull coverage and a defense in the *Haas* litigation (Dkt. No. 16-5). This "reservation of rights" letter stated, "Federated . . . agrees to provide a defense and indemnification to Tony Bull subject to the

3

terms and conditions of Bull Motor Company's policy of insurance." (*Id.*, at 4). The letter also called attention to the exclusions in the Policy (*Id.*). This reservation of rights letter did state:

> You have the privilege of retaining Mr. Hodges to cooperate with the attorney we have retained in defending this lawsuit; however, Mr. Hodges will be retained at your own expense. Both Federated and Mr. Lowther will be glad to cooperate with him to the fullest extent.

(*Id.*, at 5).

On February 26, 2016, Mr. Hodges, as attorney for Mr. Bull, filed an action for declaratory judgment in the Circuit Court of Woodruff County, Arkansas, seeking a declaration that the Policy provides coverage for Mr. Bull for the claims made against him in the *Haas* litigation (Dkt. No. 2). Furthermore, Mr. Bull seeks a declaration that Federated is required to pay the attorneys' fees incurred by Mr. Hodges during his representation of Mr. Bull in the *Haas* litigation and for the fees incurred during this declaratory judgment action (*Id.*, ¶ 19).

On April 6, 2016, Federated answered and counterclaimed, contending that it had no duty to defend or indemnify Mr. Bull in the *Haas* litigation because the complaint in that action purportedly did not adequately set forth the necessary elements for malicious prosecution and because malicious prosecution was the only claim potentially covered by the Policy (Dkt. No. 3, ¶¶ 30-31). This declaratory action was removed by Federated to this Court via a notice of removal on April 11, 2016 (Dkt. No. 1).

Meanwhile, the *Haas* litigation continued. Mr. Haas filed an amended complaint in the *Haas* litigation on July 26, 2016, adding claims against Mr. Bull for the torts of outrage, unfair competition, and defamation (Dkt. No. 16-9, at 2-4). Attached to the amended complaint is a letter to Mr. Bull from counsel for Mr. Haas dated April 30, 2013 (*Id.*, at 6). This letter represented that, at the time the letter was sent, Mr. Haas was engaged in litigation that precluded the release of the $17,800.00 from Mr. Haas' business account (*Id.*). Also attached to the amended complaint is a

letter, dated April 11, 2016, from Mr. Bull to the Arkansas State Police (*Id*., at 7). This letter asserted that Mr. Haas was violating "the rules of the Motor Vehicle Commission in Arkansas" because he did not maintain a place of business in Arkansas (*Id*.). Next, attached to the amended complaint is a letter from Lynda Avery, the "Airport Manager" of the West Memphis Municipal Airport, to Inspector John West informing Inspector West that Mr. Haas had been a tenant of the airport since 2005 (*Id*., at 8). Finally, excerpts of a deposition of Mr. Bull were also attached to the amended complaint. In that deposition, Mr. Bull stated among other things, "I gave him a time limit, over a time limit, and the time limit was up and I told her to fill out an affidavit to do what we have to do." (*Id*., at 12). Mr. Bull also testified that he sold cars to and engaged in business with Mr. Haas after March 2013 (*Id*., at 15). Mr. Bull also admitted that he "didn't go to the police and try to have [Mr. Haas] arrested for writing a hot check . . . ." (*Id*., at 18).

On August 31, 2016, Federated issued a second reservation of rights letter to Mr. Bull that addressed the amended complaint (Dkt. No. 16-10). In the second reservation of rights letter, Federated stated, "[Y]our policy with Federated does not provide coverage for abuse of process, tort of outrage or tort of unfair competition." (*Id*., at 4). Federated did concede, however, that "[c]overage for [defamation] may be found under [the Policy]." (*Id*.). Federated next cited, as it did in its first reservation of rights letter, the specific exclusion that excludes coverage for any "personal and advertising injury" caused by or at the direction of the "insured" with the knowledge that the "act would violate the right of another" or "arising out of oral or written publication of material" that the insured knows is false (*Id*.). Federated concluded that it would "provide coverage for defamation subject to the terms and conditions of the coverage form." (*Id*., at 4-5).

On April 25, 2017, the *Haas* litigation was settled as to all claims, and the Circuit Court entered an order of dismissal on May 26, 2017 (Dkt. Nos. 16-11; 18, ¶¶ 8-9). Mr. Bull admits that

5

Mr. Lowther represented Mr. Bull throughout the entirety of the *Haas* litigation (Dkt. No. 23, at 5). Mr. Bull contends that Mr. Hodges also represented him throughout that litigation, including at the mediation conference that led to a settlement (*Id.*, at 5, 8). Mr. Bull admits that Federated paid the entirety of the settlement of all claims against Mr. Bull in the *Haas* litigation (*Id.*, at 6). Federated argues that it paid the entirety of all costs and fees owed to Mr. Lowther and his law firm in the defense of Mr. Bull in the *Haas* litigation (Dkt. No. 18, ¶ 11).

**II.     Standard Of Review**

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact in dispute and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. Discussion

Federated represents to the Court that:

> [t]he parties to this litigation have, therefore, agreed that, due to the settlement of the entirety of the underlying action, the only remaining issue to be decided is whether Federated owes reimbursement to Tony Bull for the attorney's fees he paid David A. Hodges to be his separate counsel in the underlying litigation of *Haas v. Bull*.

(Dkt. No. 16, at 1). Federated makes two arguments as to why it should not be required to pay Mr. Hodge's fees for the *Haas* litigation: (1) Federated had no duty to defend Mr. Bull in the *Haas* litigation as to the original complaint because the only potentially covered claim asserted was malicious prosecution and, based on the language of the complaint and Mr. Bull's answer, the requisite elements necessary to maintain that claim were not present; and (2) regardless of whether the original complaint triggered a duty to defend, Federated satisfied any duty to defend that it had to Mr. Bull when it retained and paid Mr. Lowther to defend Mr. Bull in the *Haas* litigation (Dkt. No. 17, at 6-12). Federated also argues that it should not be obligated to pay Mr. Hodge's attorney's fees incurred in this declaratory action because Mr. Bull's claim in this action fails (Dkt. No. 24, at 6).

Mr. Bull argues that he is entitled to summary judgment because Federated is obligated to pay Mr. Hodge's fees for both the *Haas* litigation and this action (Dkt. No. 21). Mr. Bull presents several grounds for why Federated should pay Mr. Hodge's fees: (1) Mr. Haas' original complaint sufficiently alleged the tort of malicious prosecution, a covered claim; (2) Mr. Haas' amended complaint sufficiently alleged the tort of defamation, a covered claim; (3) Mr. Bull is entitled to attorneys' fees because the claims against him were covered by the Policy; and (4) Federated has admitted that there is coverage under the Policy because of the payment it made to Mr. Haas to settle the claims against Mr. Bull (Dkt. No. 22).

7

For the reasons discussed below, the Court grants Federated's motion for summary judgment (Dkt. No. 16) and denies Mr. Bull's cross-motion for summary judgment (Dkt. No. 21).

### A. Attorney's Fees

The Court declines to award Mr. Hodges fees for his work performed in this declaratory judgment action. An insured who receives a favorable declaratory judgment against a liability insurance company is entitled to collect from the insurance company "all reasonable attorney's fees for the defense or prosecution of the suit . . . ." Ark. Code Ann. § 23-79-209(a). As discussed *infra*, however, the Court finds that the Policy excludes coverage of the malicious prosecution claim made against Mr. Bull in the original complaint filed in the *Haas* litigation, the only complaint on which Mr. Bull sued in this case (Dkt. No. 2).[1] Furthermore, as discussed *infra*, Federated has satisfied its duty to defend Mr. Bull in the underlying *Haas* litigation. Relatedly, the Court finds that Mr. Bull's separate counsel, Mr. Hodges, is not entitled to compensation for

---

[1] Mr. Bull filed his complaint in this action on April 11, 2016, challenging Federated's acts in response to the original complaint in the *Haas* litigation (Dkt. No. 2). Mr. Bull's complaint in this action sought the following declarations: (1) declaration that "there is coverage for the *Complaint*, . . . and, therefore, . . . a legal declaration that there is coverage that [Federated] owes a duty not only to defend but to pay any and all judgments that may be rendered in the underlying case against Tony Bull;" (2) a declaration that Federated owes the attorney's fees for David Hodges for bringing the present declaratory action; and (3) "a declaration that there is coverage for [Mr. Bull] *under these circumstances*" and "a determination that [Federated] owes the attorney's fees of David Hodges for . . . acting as the attorney for Tony Bull in the underlying action . . . ." (Dkt. No. 2, at 3-4 (emphasis added)). Attached to Mr. Bull's complaint in this action is a copy of the original complaint in the *Haas* litigation and Federated's first reservation of rights letter (*Id.*, at 6-8, 19-23). Mr. Bull never amended his complaint in this action after Mr. Haas amended his complaint in the underlying action on July 26, 2016.

Per Rule 15(a) of the Federal Rule of Civil Procedure, once the time to amend as a matter of course has expired, a party seeking to amend its pleadings before trial may do so only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Mr. Bull did not receive consent to amend his complaint in this action, nor did he seek the Court's leave to do so. Further, it does not appear that Federated ever contended that it had no duty to defend the amended complaint in the *Haas* litigation that added the defamation claim (Dkt. No. 24, at 4). For these reasons, it appears the parties request that the Court resolve only the issue of coverage as to the original complaint based on the parties' contentions regarding the malicious prosecution claim.

his work in the underlying *Haas* litigation. Accordingly, Mr. Bull does not prevail on his request for a declaratory judgment against Federated in this action, and his attorney is not entitled to attorney's fees in this action under Arkansas Code Annotated § 23-79-209(a).

### B. Coverage For The Claims Against Mr. Bull Alleged In The Original Complaint In The *Haas* Litigation

Federated is not obligated to pay Mr. Hodges' attorneys' fees incurred in the present declaratory action because the Policy does not require Federated to indemnify Mr. Bull for the claims made against him in the original complaint filed in the *Haas* litigation. Arkansas law provides, "In all suits in which the judgment or decree of a court is against a . . . liability insurance company . . . in a suit for declaratory judgment under the policy, . . . the company shall also be liable to pay the holder of the policy all reasonable attorney's fees . . . ." Ark. Code Ann. § 23-79-209(a). Therefore, Federated's duty to pay the attorney's fees Mr. Bull has incurred in this action hinges upon whether the Policy covers the claims made against Mr. Bull in the original complaint filed against him in the *Haas* litigation.

The Court looks to the language of the Policy to determine if it covers the claims alleged against Mr. Bull in the original complaint filed in the *Haas* litigation. Arkansas law "regarding the construction of an insurance contract is well settled." *Norris v. State Farm Fire & Cas. Co.*, 16 S.W.3d 242, 244 (Ark. 2000). "The language in an insurance policy is to be construed in its plain, ordinary, popular sense." *Id*. (citing *CNA Ins. Co. v. McGinnis*, 666 S.W.2d 689, 691 (Ark. 1984)). "Exclusionary endorsements must adhere to the general requirements that the insurance terms must be expressed in clear and unambiguous language." *Castaneda v. Progressive Classic Ins. Co.*, 166 S.W.3d 556, 560 (Ark. 2004) (citing *Norris*, 16 S.W.3d at 242). "If the language of the policy is unambiguous," then the Court must "give effect to the plain language of the policy without resorting to the rules of construction." *Id*. (citing *Elam v. First Unum Life Ins. Co.*, 57

9

S.W.3d 165, 169 (Ark. 2001)). Alternatively, if the language of the policy is ambiguous, the Court must "construe the policy liberally in favor of the insured and strictly against the insurer." *Id*. (citing *Elam*, 57 S.W.3d at 169). "Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation." *Id*. (citing *Harasyn v. St. Paul Guardian Ins. Co.*, 75 S.W.3d 696, 701 (Ark. 2002)). Whether an insurance policy is ambiguous is a question of law to be resolved by the Court. *Id*.

### 1. Waiver

Mr. Bull argues that Federated, when it paid the settlement in the *Haas* litigation, waived any argument that the Policy does not cover the claims in the *Haas* litigation (Dkt. No. 22, 13-14). The Court disagrees. In Arkansas, waiver does not apply where an insurer pays a claim but later determines that the claim was not covered. *Columbia Ins. Group, Inc. v. Ark. Infrastructure, Inc.*, No. 4:14-cv-00512-SWW, 2016 WL 6832629, at *3-4 (E.D. Ark. Nov. 18, 2016) (citing *Peoples Protective Life Ins. Co. v. Smith*, 514 S.W.2d 400 (Ark. 1974) (holding that the doctrine of waiver did not apply where an insurer paid a claim for medical benefits but later determined that the claim was not covered under the policy)). Furthermore, the first reservation of rights letter sent by Federated states, "[A]ny action taken by [Federated] in the investigation, adjusting or attempting to adjust, or the handling or defending of any litigation shall not be construed as a waiver of any right of this company to deny liability at any time . . . ." (Dkt. No. 16-5, at 2). The second reservation of rights letter "expand[s] and supplement[s]" the first letter, so the disclaimer in the first letter remains in effect (*see* Dkt. No. 16-10, at 4). The Court finds that, based upon controlling

Arkansas precedent and the record evidence before it, Federated did not waive its right to contest coverage when it settled the claims made against Mr. Bull in the *Haas* litigation.[2]

### 2. The Policy

To resolve this dispute among the parties, the Court must first determine whether the claims made against Mr. Bull in the original complaint filed in the *Haas* litigation fall within the scope of the Policy. For the reasons set forth below, the Court finds that only the malicious prosecution claim made by Mr. Haas in his original complaint could qualify as "personal and advertising injury" under the Policy. The Court also finds that, based on the undisputed record evidence, that same claim fails for the reasons argued by Federated. Therefore, per the plain language of the Policy, the Court finds that Federated is not required to indemnify Mr. Bull for the claims brought by Mr. Haas in the original complaint filed in the *Haas* litigation.[3]

The Policy states:

> We will pay all sums the "insured" legally must pay as damages because of "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the Coverage Territory during the Policy Period.
>
> We will have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

---

[2] While Federated did not waive its right to contest coverage when it settled the claims against Mr. Bull, Federated does not have the right to seek reimbursement of the settlement or Mr. Lowther's fees from Mr. Bull. *See Med. Liab. Mut. Co. v. Alan Curtis Enterprises, Inc.*, 285 S.W.3d 233, 235 (2008). Nothing in the Policy or the two reservation of rights letters explicitly grants Federated the right to seek reimbursement from Mr. Bull for these amounts.

[3] The Court also concludes that the abuse of process claim alleged in the original complaint in the *Haas* litigation is not covered by the Policy.

(Dkt. No. 16-12, at 20). Federated admits that Mr. Bull is an "insured" under the Policy (Dkt. No. 18, ¶ 3). The Policy defines "personal and advertising injury" as an injury "arising out of," among other things, "malicious prosecution" and "[o]ral or written publication, in any manner, of material that slanders or libels a person . . . ." (Dkt. No. 16-12, at 23). Based upon the plain and unambiguous language of the Policy, claims for malicious prosecution arising out of the insured's business fall within the scope of the Policy.

The Court must next determine whether the Policy covers the specific claims brought against Mr. Bull in the original complaint filed in the *Haas* litigation. Mr. Haas' original complaint brought claims of malicious prosecution and abuse of process (Dkt. No. 16-2, at 2). The amended complaint added claims for the torts of outrage, unfair competition, and defamation (Dkt. No. 16-9, at 3). Federated argues that, based upon the face of the original and amended complaints brought in the *Haas* litigation, there was no claim for malicious prosecution against Mr. Bull, and therefore the Policy does not cover that claim. Specifically, Federated argues that the malicious prosecution claim against Mr. Bull was insufficient because Mr. Haas' complaints did not state facts sufficient to make out a malicious prosecution claim (Dkt. No. 17, at 7).

A claim for malicious prosecution under Arkansas law requires the plaintiff to prove the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *McMullen v. McHughes Law Firm*, 454 S.W.3d 200, 210 (Ark. 2015) (citing *Sundeen v. Kroger*, 133 S.W.3d 393, 395 (Ark. 2003)). The hot check charge against Mr. Haas—which lies at the heart of the *Haas* litigation—was "nolle prossed." (Dkt. No. 23, at 4). Federated argues that a nolle prosequi

dismissal under these facts and circumstances is not a favorable outcome for a litigant sufficient to state a claim for malicious prosecution (Dkt. No. 17, at 8).

In response, Mr. Bull cites *Crockett Motor Sales, Inc. v. London* for the proposition that a nolle prosequi dismissal is a sufficiently favorable termination to satisfy the second element of a malicious prosecution claim. 671 S.W.2d 187, 189 (Ark. 1984). In *Crockett*, the Arkansas Supreme Court found that a nolle prosequi dismissal of a claim was a sufficiently favorable outcome for a plaintiff to support a claim for malicious prosecution. 671 S.W.2d at 189. In affirming the jury verdict for the plaintiff in *Crockett*, the Arkansas Supreme Court stated: "In view of the gravity and consequences of an innocent man's being wrongfully charged with a felony, we do not find the award of damages to be excessive." *Id.*

Federated argues that the present case is more akin to *Forrest City Machine Works Inc. v. Mosbacher*, where the Arkansas Supreme Court held that a termination based upon a settlement does not qualify as a favorable outcome sufficient to justify a malicious prosecution claim. 851 S.W.2d 443, 446 (Ark. 1993). Here, it cannot be said that Mr. Haas was an innocent man when he in fact paid the debt he was accused of owing after criminal process was instituted and before the charge was nolle prossed.

Federated maintains that this nolle prosequi dismissal was entered because Mr. Haas paid the disputed amount to Mr. Bull, making this case more like a settlement. Specifically, in the original complaint, Mr. Haas alleges "[t]hat on June 16, 2015, the charge was nolle prosequied after Plaintiff paid the full amount to Defendant. Defendant used the court as a collection agent." (Dkt. No. 16-2, at 2, ¶ 8). In response, Mr. Bull admitted in his answer "that after being charged with a violation of the hot check law, plaintiff paid the full amount owed to Bull Motor." (Dkt. No. 16-3, at 2, ¶ 8). Mr. Bull denied the remaining allegations in paragraph eight of the original

complaint (*Id.*). In other words, the parties agree that the hot check charge against Mr. Haas was dismissed or nolle prossed but only after Mr. Haas paid the full amount of the hot check (Dkt. No. 23, at 4).

The Court recognizes that the authority to nolle pros a criminal case rests solely with the prosecutor under Arkansas law, not the parties. *See generally Johnson v. Johnson*, 33 S.W.3d 492, 500 (Ark. 2000). Here, there is record evidence, in the form of Mr. Bull's deposition testimony, that the prosecutor called Mr. Bull to ask whether Mr. Bull agreed to release the felony charges against Mr. Haas, and Mr. Bull testified that he agreed to release the charges only because Mr. Bull had his money from Mr. Haas (Dkt. No. 16-9, at 13-14). There is no record evidence to the contrary or to suggest some other basis on which the charges were nolle prossed.

In *Sundeen v. Kroger*, the Arkansas Supreme Court looked at the facts and circumstances behind a favorable termination of criminal prosecution to assess whether those facts and circumstances actually supported a claim for malicious prosecution. 133 S.W.3d 393, 395-96 (Ark. 2003). In *Sundeen*, the court ruled that probable cause existed for the arrest and prosecution, thereby precluding a claim for malicious prosecution. The court reached this conclusion even though convictions on the criminal charges which were the subject of the malicious prosecution claim were later nolle prossed by the prosecutor after being appealed to the circuit court. *Id*. In *Sundeen*, the court's analysis involved the third element of the malicious prosecution claim— absence of probable cause for the proceeding. *Id.* at 395. The court affirmed that the entry of a nolle prosse does not preclude a finding of probable cause to arrest. *Id.* Based on *Sundeen* and *Baker v. Oklahoma Tire and Supply Co.*, in which the district court also looked behind the outcome of a criminal prosecution to the facts and circumstances supporting its outcome, 334 F. Supp. 780,

783 (W.D. Ark. 1972), this Court concludes that it may consider the facts and circumstances behind the nolle prossed charge to assess whether it supports a claim for malicious prosecution.

The facts and circumstances here as evidenced by the record support Federated's position that this nolle prosequi dismissal does not constitute a sufficient favorable outcome for Mr. Haas to state a malicious prosecution claim under Arkansas law. Federated does not argue that, based on the face of Mr. Haas' complaints, the other elements of a malicious prosecution claim were insufficient. Accordingly, based upon the record before it, the Court finds that Mr. Haas' original and amended complaints did not sufficiently allege a claim for malicious prosecution against Mr. Bull. Therefore, based upon the plain and unambiguous language of the Policy, the Court finds that the malicious prosecution claim asserted by Mr. Haas does not qualify as a "personal and advertising injury" under the Policy.

### C. Federated Satisfied Its Duty To Defend Mr. Bull In The *Haas* Litigation

The Court finds that, based upon the record before it, even assuming Federated had a duty to defend Mr. Bull in the underlying *Haas* litigation, Federated fully satisfied that duty. Relatedly, the Court finds that Mr. Bull's separate counsel, Mr. Hodges, is not entitled to compensation for his work in the underlying *Haas* litigation.

The Arkansas Supreme Court has held that an insurance company's duty to defend is broader than its duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.*, 61 S.W.3d 807, 812 (Ark. 2001) (citation omitted). The duty to defend arises when there is a *possibility* that the injury or damage may fall within the policy coverage. *Id.* The general rule is that the allegations of the complaint determine the insurer's duty to defend. *Id.* "Absent absolute clarity on the face of the complaint that a particular policy exclusion applies, there exists a potential for coverage and an insurer cannot justifiably refuse to defend." *Wintermute v. Kansas Bankers Sur.*

*Co.*, 630 F.3d 1063, 1071 (8th Cir. 2011) (quoting *Lorenzo v. Capitol Indem. Corp.*, 928 N.E.2d 1274, 1278 (Ill. App. 2010)).

Furthermore, "Arkansas law does not directly address" whether an insured has the right to select its own counsel. *Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846, 855 (8th Cir. 2013). Applying Arkansas law, two federal district courts have held that such a right does exist where the insured alleges a credible conflict of interest between the insurer and the insured. *See Union Ins. Co. v. The Knife Col*, 902 F. Supp. 877, 881 (E.D. Ark. 1995) (holding that independent counsel was necessary because of a conflict between insurer and insured); *Northland Ins. Co. v. Heck's Serv. Co.*, 620 F. Supp. 107, 108 (E.D. Ark. 1985) (holding that insured's independent counsel should be reimbursed by insurer due to conflict of interest). Neither party has directed the Court to Arkansas precedents holding that an insured is entitled to select his own independent counsel paid for at an insurer's expense.

Federated argues that it satisfied its duty to defend Mr. Bull in the *Haas* litigation and that it has no obligation to pay for Mr. Hodges' fees incurred during the *Haas* litigation. Federated points to the fact that it provided counsel for Mr. Bull to defend the claims made in Mr. Haas' original complaint, amended complaint, and the eventual mediation and settlement of all the claims made against Mr. Bull by Mr. Haas, all at no expense to Mr. Bull (Dkt. No. 17, at 10-11). Federated points to the decision in *Bituminous Casualty Corporation v. Zadeck Energy Group, Inc.*, as support for its position that it satisfied its duty to defend and that Mr. Hodges is not entitled to the payment of attorney's fees by Federated for his work on the *Haas* litigation. 416 F. Supp. 2d 654 (W.D. Ark. 2005). *Bituminous Casualty Corporation* involved facts similar to the present case: In 2003, Bituminous, the insurer, sued Tri-State, the insured, for a declaratory judgment that the insurance policy did not cover claims made by a third-party against Tri-State and that Bituminous

owed Tri-State no duty to defend those same claims. 416 F. Supp. 2d at 656. While that declaratory action was pending, Bituminous initially refused to provide a defense for Tri-State, but after the third-party amended its complaint against Tri-State, Bituminous agreed to assume the defense of Tri-State subject to a reservation of rights. *Id*. at 657. In 2005, Tri-State and the third-party settled the claims, and Bituminous paid a settlement to the third-party on Tri-State's behalf. *Id*. Tri-State then filed a motion for summary judgment asking the court to order Bituminous to pay Tri-State's attorney fees in both the declaratory judgment action and the underlying suit between Tri-State and the third-party. *Id*. The court found that, because the policy did not cover the claims against Tri-State, Bituminous was not required to pay Tri-State's attorney's fees incurred during the declaratory judgment action. *Id*. at 659.

Furthermore, and more pertinent to the issue at hand, the court found that Bituminous was not required to pay the attorney's fees Tri-State incurred when it engaged another attorney to defend it in the underlying action against the third-party. Once Bituminous assumed Tri-State's defense, it hired Randy Murphy to defend Tri-State. *Id*. at 660. Tri-State retained separate counsel and argued that Bituminous should be required to pay that attorney's fees, too, because of the conflict of interest Tri-State alleged was created when Bituminous provided a defense under a reservation of rights. *Id*. The court observed that there was "no indication that the counsel provided by Bituminous did not vigorously defend Tri-State in its lawsuit" with the third-party or acted "contrary to Tri-State's best interests." *Id*. Therefore, the court disagreed with Tri-State, holding that, when there is a duty to defend and a conflict of interest exists between the insurer's interest and that of the insured, "the insurer must either provide an independent attorney to represent the insured [such as Bituminous did when it hired Randy Murphy to defend Tri-State] or pay the costs incurred by the insured in hiring counsel," but the court concluded that the insurance

17

company was not required to do both under the circumstances. *Id*. at 660-61 (citing *U.S. Fidelity and Guaranty Co v. Louis A. Roser Co., Inc.*, 585 F.2d 932, 939 (8th Cir. 1978) (citations omitted)).

Mr. Bull points to *Hicks v. Allstate Insurance Co.* to argue that *Bituminous Casualty Corporation* is distinguishable (Dkt. No. 22, at 8). 799 S.W.2d 809 (1990). In *Hicks*, an insurer settled a declaratory judgment action with an insured regarding the insured's coverage under an insurance policy. 799 S.W.2d at 810. The Arkansas Supreme Court held that a settlement between an insurer and an insured in a declaratory action to determine coverage "constituted a final adjudication on the merits and brought the matter within the plain language" of Arkansas Code Annotated § 23-79-209. *Id*. at 809. The holding in *Hicks* has nothing to do with an insurer's duty to pay attorneys' fees under a duty to defend; rather, *Hicks* governs an insurer's duty to pay an insured when an insurer loses a declaratory action against an insured.

Even assuming that, at the time Mr. Haas filed his original complaint, there was a possibility that the *Haas* litigation claims fell within the Policy's coverage, the Court nonetheless finds that Federated satisfied its duty to defend Mr. Bull. While *Bituminous* and *Hicks* are persuasive authorities, Arkansas law is silent on whether an insured has the right to select its own counsel. *See Hortica-Florists' Mut. Ins. Co.*, 729 F.3d at 855. The uncontroverted evidence demonstrates that Federated hired Mr. Lowther to defend Mr. Bull in the *Haas* litigation at no charge to Mr. Bull (Dkt. No. 22, at 3). Mr. Lowther answered the original complaint against Mr. Bull in the *Haas* litigation (*Id*.). Mr. Lowther also represented Mr. Bull throughout the *Haas* litigation, including the mediation, settlement, and entry of an order dismissing the case (*Id*., at 5). Mr. Bull admits that he did not pay Mr. Lowther for his representation (*Id*., at 6). Mr. Bull also admits that Federated paid the entirety of the settlement in the *Haas* litigation (*Id*.). Mr. Bull contends that Mr. Hodges also served as counsel during the *Haas* litigation, but Mr. Bull concedes

that he was hired solely on Mr. Bull's decision (*Id*., at 3, 6). Mr. Bull contends, and Federated concedes, that Mr. Hodges was present at the mediation (Dkt. Nos. 22, at 8; 25, at 2). Mr. Bull presents no evidence that Mr. Lowther's defense was inadequate, nor does Mr. Bull assert that Mr. Lowther acted contrary to Mr. Bull's best interest on the facts of this case.

Furthermore, the Policy contains no promise by Federated to pay for Mr. Bull's independent counsel. The Court declines to read a provision into the Policy for which the parties could otherwise have bargained. Finally, the first reservation of rights letter sent to Mr. Bull by Federated stated:

> You have the privilege of retaining Mr. Hodges to cooperate with the attorney we have retained in defending this lawsuit; however, Mr. Hodges will be retained at your own expense. Both Federated and Mr. Lowther will be glad to cooperate with him to the fullest extent.

(Dkt. No. 16-5, at 5). Based upon this record and the authorities discussed above, the Court finds that there is no genuine issue of material fact regarding whether Federated satisfied its duty to defend Mr. Bull. Accordingly, Court finds that Federated is not obligated to pay Mr. Hodges' attorney's fees incurred during the defense of Mr. Bull in the *Haas* litigation.

**IV.   Conclusion**

The Court grants Federated's motion for summary judgment (Dkt. No. 16). Mr. Bull's cross-motion for summary judgment is denied (Dkt. No. 21).

It is so ordered this 7th day of September, 2018.

_____
Kristine G. Baker
United States District Judge